[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court finds that the plaintiff proved breach of contract as alleged in count one and also count two breach of contract of the short term lease. The defendant clearly had no intention of leasing additional space to the plaintiff as promised once construction of the permanent space was completed. She had already contracted to lease the premises at 44 Washington Street to another. With regard to the third count, the CUTPA claim, the court finds for the defendant, as this was a one time act not a course of business practices.
The defendant claims that the so-called lease was not signed and is, therefore, void under the statute of frauds. C.G.S. § 52-550. However, the plaintiff alleged and has proven partial performance which takes the contract out of the statute of frauds. CT Page 8429
Since the defendant produced no credible evidence as to the counterclaim, the court finds for the plaintiff on the counterclaim.
The plaintiff has claimed damages of:
 Loss of Sales $ 6,907 Rent Deposit $ 700 Yellow Pages $ 2,292 Rent Increase (5 mos. @ $150) $ 750 Moving Expenses $ 333 Build-out for New Location $ 829 RI License Fee $ 60 Van Signage $ 500 Advertising in RI $ 230 Advertising in Mystic $ 167
$13,077
The court finds that the plaintiff has failed to establish that the $6,907 loss of business was caused by the move from Mystic to Westerly. The evidence also disclosed that the Yellow Page ad was still used in that the plaintiff kept that number open in Westerly. Accordingly, the court cannot award the amount of $2,292 for the Yellow Page ad.
The court also does award the balance of the amount claimed in the amount of $3,878.
Judgment for the plaintiff in the amount of $3,878 plus costs.
D. Michael Hurley, Judge Trial Referee